NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180790-U

NO. 4-18-0790

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Coles County |
| WILLIE J. HALL, | ) | No. 11CF448 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mitchell Kevin Shick, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err by dismissing defendant's postconviction
petition at the second stage of the postconviction proceedings.

¶ 2    In January 2017, defendant, Willie J. Hall, filed *pro se* a petition under the

Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2016)),

raising several claims.  In February 2017, the Coles County circuit court advanced defendant's

petition to the second stage of the proceedings.  Defendant filed a supplemental postconviction

petition, and the State filed a motion to dismiss.  After a November 2018 hearing, the court

granted the State's motion to dismiss.

¶ 3    Defendant appeals, asserting the circuit court erred by granting the State's motion

to dismiss his postconviction petition.  We affirm.

¶ 4                                I. BACKGROUND

¶ 5    In October 2011, the State charged defendant by information with one count of home invasion (count I) (720 ILCS 5/12-11(a)(2) (West 2010) (text of section effective July 1, 2011)), one count of robbery (count II) (720 ILCS 5/18-1(a) (West 2010)), and one count of residential burglary (count III) (720 ILCS 5/19-3(a) (West 2010)).  Count I alleged defendant committed the offense of home invasion when he, not acting as a peace officer in the line of duty, knowingly and without authority entered the dwelling place of Donald and Lily Griffin and intentionally caused injury to Donald by striking him about his head and body with his fists and hands.  Count II alleged defendant committed the offense of robbery when he knowingly took property, being United States currency, a rifle, and a watch, from Donald and Lily by the use of force.  Count III alleged defendant committed the offense of residential burglary when he knowingly and without authority entered the dwelling place of Donald and Lily with the intent to commit therein a theft.  Jose Morrison, Devin Aikens, and Jermaine Bunch were also charged in connection with the October 15, 2011, incident at Donald and Lily's home.

¶ 6    In October 2012, defendant's jury trial commenced but ended in a mistrial when the jury was unable to reach a verdict.  Following the mistrial, the other three codefendants all entered into negotiated plea agreements to various charges, but defendant sought another jury trial.  In May 2013, defendant's second jury trial began.  Defendant's three codefendants all testified on behalf of the State.  Following closing arguments, the jury found defendant guilty of all three charges.  The jury also found the State proved the allegation the offenses were committed against a person 60 years of age or older.

¶ 7    In July 2013, the circuit court sentenced defendant to consecutive prison terms of 30 years for home invasion, 6 years for robbery, and 6 years for residential burglary.  In August 2013, defendant filed a motion to reconsider his sentence, which the court denied.

¶ 8        Defendant appealed and argued (1) he was deprived of a fair trial, (2) he was denied the effective assistance of counsel, and (3) his conviction for residential burglary must be vacated based on the one-act, one-crime rule. This court affirmed defendant's convictions and sentences but declined to address defendant's claim of ineffective assistance of counsel due to an insufficient record. *People v. Hall*, 2015 IL App (4th) 130780-U. Defendant filed a petition for leave to appeal to the supreme court, which was denied. *People v. Hall*, No. 120306 (Ill. Mar. 30, 2016) (supervisory order).

¶ 9        In January 2017, defendant filed *pro se* his postconviction petition in which he asserted (1) he was denied a fair trial because the circuit court prevented him from presenting a complete defense by restricting his cross-examination and impeachment of a testifying codefendant regarding his mental health issues; (2) he was denied his right to effective assistance of counsel because counsel (a) allowed the State to improperly bolster the credibility of its witnesses through inadmissible prior consistent statements, (b) failed to impeach defendant's codefendants regarding the favorable sentences they received as part of their plea agreements, and (c) "permitting the State to front the impeachment of its own witnesses' prior convictions through the 'mere fact' method, and not further impeaching them based on their prior convictions"; and (3) his conviction and sentence for residential burglary must be vacated under the one-act, one-crime rule. In the June 2018 supplemental petition, postconviction counsel incorporated all the allegations in defendant's *pro se* petition and asserted defendant received ineffective assistance of counsel because counsel failed to properly preserve any issue for appeal.

¶ 10        In August 2018, the State filed a motion to dismiss defendant's postconviction petition and its supplement. The State argued defendant's (1) postconviction petition was untimely filed, (2) first and third claims in the petition were barred by the doctrine of

- 3 -

*res judicata*, and (3) ineffective assistance of counsel claims were frivolous and without merit. On November 30, 2018, the circuit court held a hearing on the State's motion to dismiss. At the conclusion of the hearing, the court granted the motion to dismiss, finding defendant's postconviction petition was untimely filed and, assuming *arguendo* it was timely filed, defendant failed to demonstrate he suffered a deprivation of a constitutional right.

¶ 11        On December 3, 2018, defendant filed a timely notice of appeal from the circuit court's November 20, 2018, dismissal but described the nature of the order appealed as a motion to withdraw the guilty plea and vacate judgment or, in the alternative, a motion to reconsider sentence. On December 17, 2018, defendant filed a timely amended notice of appeal in compliance with Illinois Supreme Court Rules 303(b)(5) and 606 (eff. July 1, 2017), which stated the nature of the order appealed was the dismissal of a postconviction petition. See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 12                                    II. ANALYSIS

¶ 13        The Postconviction Act provides a remedy for defendants who have suffered a substantial violation of constitutional rights at trial. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). In cases not involving the death penalty, the Postconviction Act sets forth three stages of proceedings. *Pendleton*, 223 Ill. 2d at 471-72, 861 N.E.2d at 1007.

¶ 14        At the first stage, the circuit court independently reviews the defendant's postconviction petition and determines whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). If it finds the petition is frivolous or patently

without merit, the court must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2016). If the court does not dismiss the petition, it proceeds to the second stage, where, if necessary, the court appoints the defendant counsel. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Defense counsel may amend the defendant's petition to ensure his or her contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1008. If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition. *Pendleton*, 223 Ill. 2d at 472-73, 861 N.E.2d at 1008. In this case, the State did file a motion to dismiss, and the court granted that motion.

¶ 15 With the second stage of the postconviction proceedings, the circuit court is concerned only with determining whether the petition's allegations sufficiently show a constitutional infirmity that would necessitate relief under the Postconviction Act. *People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998). At this stage, "the defendant bears the burden of making a substantial showing of a constitutional violation" and "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. "[T]he 'substantial showing' of a constitutional violation that must be made at the second stage [citation] is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven* at an evidentiary hearing, would entitle petitioner to relief." (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. The court reviews the petition's factual sufficiency as well as its legal sufficiency considering the circuit court record and applicable law.

*People v. Alberts*, 383 Ill. App. 3d 374, 377, 890 N.E.2d 1208, 1212 (2008).  However, at a dismissal hearing, the court is prohibited from engaging in any fact-finding.  *Coleman*, 183 Ill. 2d at 380-81, 701 N.E.2d at 1071.  Thus, the dismissal of a postconviction petition at the second stage is warranted only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation.  *Coleman*, 183 Ill. 2d at 382, 701 N.E.2d at 1072.  We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage.  *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008.

¶ 16     We begin our review of the circuit court's second stage dismissal by addressing defendant's claim the circuit court erred by finding his postconviction petition was untimely.  Defendant acknowledges his postconviction petition was not timely filed under the Postconviction Act but contends he alleged facts showing the delay in filing his postconviction petition was not due to his culpable negligence.  The State disagrees.

¶ 17     At the second stage of the postconviction proceedings, the circuit court may dismiss a petition as untimely:  (1) "if the petition fails to contain 'allegations of lack of culpable negligence'; and (2) if the State moves to dismiss on this ground."  *People v. Wheeler*, 392 Ill. App. 3d 303, 308, 912 N.E.2d 681, 686 (2009) (quoting *People v. Perkins*, 229 Ill. 2d 34, 43, 890 N.E.2d 398, 403 (2007)).  Section 122-1(c) of the Postconviction Act addresses the time for filing a postconviction petition and provides, in pertinent part, the following:

> "When a defendant has a sentence other than death, no proceedings under this
> Article shall be commenced more than 6 months after the conclusion of
> proceedings in the United States Supreme Court, unless the petitioner alleges facts
> showing that the delay was not due to his or her culpable negligence.  If a petition
> for certiorari is not filed, no proceedings under this Article shall be commenced

- 6 -

more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West Supp. 2017) (text of section effective until June 1, 2018).

The defendant has the burden to demonstrate "an absence of culpable negligence in bringing" his or her postconviction petition. *People v. Boclair*, 202 Ill. 2d 89, 104, 789 N.E.2d 734, 743 (2002). Our supreme court has explained the phrase "culpable negligence" describes "something greater than ordinary negligence and is akin to recklessness." *Boclair*, 202 Ill. 2d at 108, 789 N.E.2d at 745. The supreme court also approved of defining "culpable negligence" as a "conscious choice of a course of action, in disregard of the consequences that might follow." (Internal quotation marks omitted.) *People v. Rissley*, 206 Ill. 2d 403, 419, 795 N.E.2d 174, 183 (2003) (quoting *People v. Wilson*, 143 Ill. 2d 236, 248, 572 N.E.2d 937, 942-43 (1991)). The definition of culpable negligence gives weight to the exception to the time requirements contained in section 122-1, "an exception *** historically viewed as the special safety valve in the [Postconviction] Act." (Internal quotation marks omitted.) *Rissley*, 206 Ill. 2d at 420, 795 N.E.2d at 184. The definition also comports with the well-established view the Postconviction Act in general must be liberally construed to afford an opportunity to present questions of deprivation of constitutional rights. *Rissley*, 206 Ill. 2d at 421, 795 N.E.2d at 184.

¶ 18       In his postconviction petition, defendant asserted he was not culpably negligent for his 20-day delay in filing his postconviction petition because he mailed his petition for

*certiorari* to the United States Supreme Court on June 28, 2016, the day it was due, and the Supreme Court did not receive it. Defendant did not know about the Supreme Court's lack of receipt of his *certiorari* petition until his mother called the Supreme Court's clerk's office five months later. Defendant mailed another petition for *certiorari* on December 12, 2016, and the Supreme Court clerk returned the petition with a December 22, 2016, letter because the time for defendant to file a petition for *certiorari* had expired. Defendant's postconviction petition was due December 28, 2016, and he filed it on January 18, 2017.

¶ 19    Illinois Courts have found a postconviction petition did set forth allegations showing a lack of culpable negligence when (1) the late filing was due to the defendant's reasonable reliance on the incorrect advice of counsel (*Rissley*, 206 Ill. 2d at 421, 795 N.E.2d at 184), (2) a change in the law applicable to the defendant's postconviction claim had occurred (*People v. Wilburn*, 338 Ill. App. 3d 1075, 1077, 789 N.E.2d 797, 799-800 (2003)), and (3) the defendant lacked access to legal materials because of segregation or a prison lockdown (*People v. Walker*, 331 Ill. App. 3d 335, 341, 772 N.E.2d 758, 764 (2002) (collecting cases)). *People v. Marino*, 397 Ill. App. 3d 1030, 1033-34, 927 N.E.2d 75, 79 (2010). While the aforementioned instances are not an exhaustive list of situations showing a lack of culpable negligence, defendant fails to cite any cases involving a situation similar to his. Additionally, we note our supreme court has held the following: "It is well settled that all citizens are charged with knowledge of the law. [Citation.] Ignorance of the law or legal rights will not excuse a delay in filing a lawsuit. [Citation.] Thus, the sole obligation of knowing the time requirements for filing a postconviction petition remains with the defendant." *People v. Lander*, 215 Ill. 2d 577, 588, 831 N.E.2d 596, 603 (2005). It has also concluded a defendant's entrustment of advice from jailhouse lawyers, a prison law clerk, and a law librarian who have no proven specialized

knowledge in postconviction matters demonstrates an indifference to the consequences likely to follow from the defendant's actions. *Lander*, 215 Ill. 2d at 587-88, 831 N.E.2d at 602-03.

¶ 20 Defendant contends his allegations show he diligently pursued his appeals. However, defendant made the choice to mail his petition for *certiorari* on the day it was due and then chose to wait five months to inquire about the petition's status. Defendant is charged with knowing his postconviction petition was due six months after (1) the due date for the petition for *certiorari* or (2) the conclusion of the proceedings in the Supreme Court. See *Lander*, 215 Ill. 2d at 587-88, 831 N.E.2d at 602-03. Despite that knowledge, defendant decided to wait five months to inquire about the status of his petition, possibly leaving himself only a month to prepare his postconviction petition. In choosing to wait five months to inquire into the status of his petition for *certiorari*, defendant made a conscious decision and disregarded the possible consequences of waiting so long. Then, when he learned his petition had not been received by the Supreme Court, he mailed another petition for *certiorari* on December 12, 2016. On the date of mailing the second petition, defendant should have known his postconviction petition was due on December 28, 2016. The United States Supreme Court Rules clearly provide petitions for *certiorari* must be filed within 90 days after the order denying discretionary review, which in this case was June 28, 2016, and the maximum extension of time to file a petition for *certiorari* that can be granted is 60 days. See Sup. Ct. R. 13.

¶ 21 Thus, we disagree with defendant's contention he diligently pursued his claims. Defendant could have checked on the status of his *certiorari* petition earlier, which would have given him more time to prepare his postconviction petition. Defendant also should have been preparing his postconviction petition as soon as he learned the Supreme Court did not receive his first petition for *certiorari*. At the least, defendant had 16 days to prepare and file his

postconviction petition before the statutory deadline expired. Accordingly, we find the circuit court properly found defendant's postconviction petition was untimely because he did not allege facts demonstrating the delay was not due to his culpable negligence.

¶ 22    In the alternative, defendant argues that, if this court believes his petition does not adequately address his lack of culpable negligence, then we should find his postconviction counsel did not prove reasonable assistance. See *Perkins*, 229 Ill. 2d at 42, 890 N.E.2d at 402 (stating "[t]he [Postconviction] Act provides for a 'reasonable' level of assistance"). On the facts alleged in his postconviction petition, we have found defendant did not show his delay in filing his postconviction petition was not due to his culpable negligence. In his briefs, defendant notes postconviction counsel does not provide reasonable assistance when counsel fails to make amendments necessary to present a defendant's claim. See *Perkins*, 229 Ill. 2d at 43, 890 N.E.2d at 403. However, in his briefs, defendant does not assert any additional facts that could have shown a lack of culpable negligence. As such, we fail to find anything counsel could have done to successfully have presented defendant's claim the delay in filing the postconviction petition was not due to his culpable negligence. Thus, we do not find unreasonable assistance of postconviction counsel.

¶ 23    Since a petitioner cannot present any constitutional claims if his or her postconviction petition is dismissed as untimely on the State's motion (*Perkins*, 229 Ill. 2d at 43, 890 N.E.2d at 403) and we have found the circuit court properly concluded defendant's petition was untimely, we decline to address defendant's constitutional claims on the merits.

¶ 24                                    III. CONCLUSION

¶ 25    For the reasons stated, we affirm the Coles County circuit court's judgment.

¶ 26    Affirmed.